IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| MICHELLE R. DALLMEYER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 11-4061-SSA-CV-C-MJW |
| ) | |
| MICHAEL J. ASTRUE, Commissioner, ) | |
| Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Plaintiff Michelle R. Dallmeyer seeks judicial review,[1] of a final administrative decision denying her disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq*., and Supplemental Security Income (SSI) benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 *et seq*. Section 205(g) of the Act, 42 U.S.C. § 405(g), provides for judicial review of a final decision of the Commissioner of the Social Security Administration under Title II. Section 1631(c)(3) of the Act and 42 U.S.C. § 1383(c)(3) provide for judicial review to the same extent as the Commissioner's final determination under section 205.

The parties' briefs are fully submitted, and an oral argument was held on January 10, 2012. The complete facts and arguments are presented in the parties' briefs and will not be repeated here.

### Standard of Review

The Eighth Circuit has set forth the standard for the federal courts' judicial review of denial of benefits, as follows:

> Our role on review is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. In determining

---

[1]With the consent of the parties, this case was assigned to the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

whether existing evidence is substantial, we consider evidence that detracts from the Commissioner's decision as well as evidence that supports it. As long as substantial evidence in the record supports the Commissioner's decision, we may not reverse it because substantial evidence exists in the record that would have supported a contrary outcome or because we would have decided the case differently.

Baker v. Barnhart, 457 F.3d 882, 892 (8th Cir. 2006).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1). See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995). To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment." McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983).

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments. McMillian, 697 F.2d at 221.

## Discussion

Here, the Administrative Law Judge (ALJ) found that plaintiff suffered from the severe impairments of bipolar disorder, disorders of the spine, asthma and fibromyalgia. The ALJ found these impairments did not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. After consideration of the evidence and the record as a whole, the ALJ determined plaintiff has a residual functional capacity (RFC) to perform light work, with some restrictions to accommodate for her impairments. Based on this RFC and the testimony of a vocational expert, the ALJ determined that although plaintiff could not do her past relevant work, there are jobs that exist in significant numbers in the national economy that she can perform.

Plaintiff argues the ALJ erred in (1) giving only nominal weight to the opinion of Dr. Rice, plaintiff's treating rheumatologist, and (2) disregarding plaintiff's symptoms based upon her daily activities.

The Commissioner argues the ALJ properly considered plaintiff's daily activities in conjunction with the evidence in the record as a whole in the determination that plaintiff's complaints of totally disabling pain were not entirely credible. The Commissioner also argues that because the opinion of Dr. Rice was inconsistent with his own treatment notes, and was not based upon clinical findings, but upon plaintiff's subjective complaints, there is substantial evidence in the record to support the ALJ's giving Dr. Rice's opinion only nominal weight.

Upon review, this court finds there to be substantial evidence in the record to support the decision of the ALJ that plaintiff did not suffer from disability as defined by the Social Security Act.

The ALJ did not err in assessing plaintiff's credibility. The ALJ's credibility findings were based on valid reasons. Where adequately explained and supported, credibility findings are for the ALJ to make. Lowe v. Apfel, 226 F.3d 969, 972 (8th Cir. 2000). Here, the ALJ properly considered and noted the inconsistencies among plaintiff's subjective complaints of disabling pain and her medical records, plaintiff's daily activities, plaintiff's ability to work after her alleged onset date, and plaintiff's poor work history. The ALJ noted plaintiff's subjective complaints were inconsistent with the record as a whole. See Cox v. Barnhart, 471 F.3d 902, 907 (8th Cir. 2006) (subjective complaints may be discounted if evidence as a whole is inconsistent with claimant's testimony). There is substantial evidence in the record to support the ALJ's discounting plaintiff's credibility as to the severity of her impairments and the limiting effects on her ability to work.

The ALJ did not err in giving only nominal weight to the opinion of plaintiff's treating rheumatologist, Dr. Karen Rice. Although a treating physician's opinion is generally entitled to substantial weight, it does not automatically control in the face of other credible evidence on the record that detracts from that opinion. Heino v. Astrue, 578 F.3d 873, 880 (8th Cir. 2009). "[A] treating physician's opinion is given 'controlling weight' if it 'is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other

3

substantial evidence.'" Dolph v. Barnhart, 308 F.3d 876, 878 (8th Cir. 2002). An ALJ is entitled to discount the opinion of a treating physician when that opinion is conclusory or inconsistent with the evidence of record. Samons v. Astrue, 497 F.3d 813, 819 (8th Cir. 2007). Here, the ALJ properly discussed the reasons for the weight given to the medical opinion of Dr. Rice. See Shontos v. Barnhart, 328 F.3d 418, 426 (8th Cir. 2003) (discussing factors in considering amount of weight given to a medical opinion). Noted among these reasons were inconsistencies between Dr. Rice's own treatment records and the limitations opined, as well as reliance on the self reports of plaintiff rather than objective medical evidence. See Craig v. Apfel, 212 F.3d 433, 436 (8th Cir. 2000) (opinions of treating physician may be discounted to extent they are based on the claimant's subjective descriptions of pain levels). The ALJ also properly discussed that Dr. Rice's findings were contradicted by other medical evidence in the record, including diagnostic imaging and physical examinations that showed minimal or normal findings. The ALJ's decision to discount the opinion of plaintiff's treating physician, Dr. Rice, is supported by substantial evidence in the record as a whole.

## Conclusion

For the reasons set forth above, this court concludes that the ALJ's decision is supported by substantial evidence in the record as a whole, and that the ALJ properly determined that plaintiff had not been disabled as defined by the Social Security Act.

IT IS, THEREFORE, ORDERED that the decision of the Commissioner is affirmed and this case is closed.

Dated this 17th day of January, 2012, at Jefferson City, Missouri.

/s/ *Matt J. Whitworth*

MATT J. WHITWORTH
United States Magistrate Judge